FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 NOV -4  AM 11: 50

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NUMBER 00-198<br>(Civil Action # 04-1482) |
| KENNON BRADFORD | SECTION "L" (3) |

## ORDER & REASONS

Before the Court is Defendant's motion to vacate, set aside, or correct sentence pursuant to Title 28, United States Code, Section 2255. For reasons set forth below, the petitioner's motion is DENIED.

### I.    FACTS

On March 3, 2000, the petitioner became a fugitive from justice when he escaped from a federal prison camp in Pensacola, Florida and traveled to New Orleans to meet his former girlfriend, Karen Barnes (Barnes). Barnes rented a car in her name on March 20, 2000, and on April 4, 2000, Barnes paid for a hotel room in her name while the petitioner waited outside in the rental car. Barnes and the petitioner spent the night at the hotel, along with Barnes' young child.

On April 5, 2000, deputies from the U.S. Marshals Service and agents of the Bureau of Alcohol, Tobacco, and Firearms located the rental car at the hotel. The hotel management provided the deputies and agents with a key to Barnes' hotel room. Once inside the hotel room, the agents arrested the petitioner and questioned Barnes who signed a form permitting a search of the rental car. During the search of the car, a deputy discovered a fully loaded semiautomatic

-1-

DATE OF ENTRY

NOV - 5 2004

____ Fee____
____ Process____
_X_ Dktd____
____ CtRmDep____
____ Doc. No. 84

pistol beneath the driver's seat. Barnes claimed to know nothing about the gun and told the deputies that she had rented the car for the petitioner who was the only person, besides herself, with access to the vehicle. Barnes gave a similar description of the events in her June 8, 2000 grand jury testimony, though she admitted that she'd noticed the gun in the car prior to the petitioner's arrest. On June 23, 2000, the petitioner was charged with one count of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2). The petitioner pled not guilty to the charge on May 7, 2001.

More than a year following Barnes' grand jury testimony, Barnes recanted her testimony and statement at the crime scene. Barnes claimed that the rental car had also been accessed by Kelvin Fox, a man who died some time between the petitioner's arrest and Barnes recant of her testimony. Furthermore, Barnes claimed that federal agents had threatened her prior to her grand jury testimony, which is why she accused the petitioner as being responsible for the gun in the car. At the two-day trial that began on May 7, 2001, the jury heard all versions of Barnes' story. The jury also heard testimony from other witnesses that the petitioner had the semiautomatic pistol in his possession as early as 1998. Witnesses also testified that, following his arrest, the petitioner called them from jail to ask for their assistance in bribing Barnes to testify that the gun belonged to her. At the conclusion of the trial, a guilty verdict was issued against petitioner who, following sentencing on October 10, 2001, filed a timely notice of appeal on October 22, 2001. On December 17, 2002, the appeal was denied and the conviction and sentence were upheld. The Supreme Court denied the petitioner's writ of certiorari on May 28, 2003.

On May 24, 2004, the petitioner filed the instant motion for relief pursuant to 28 U.S.C. §2255. In his motion, the petitioner claims that he is entitled to relief under §2255 based on five

main grounds: 1) the warrantless and unjustified search of the rental car; 2) Barnes' untruthful

grand jury, which was forced by the threats of federal agents; 3) the ineffective assistance of

counsel; 4) Government misconduct; and 5) the unconstitutionality of 18 U.S.C. §922(g).  The

Government opposes the motion and claims that petitioner's grounds for seeking §2255 relief are

without merit.


## II.    ANALYSIS

Habeas relief is appropriate under § 2255 where a federal prisoner asserts that his

sentence "was imposed in violation of the Constitution or laws of the United States, or that the

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

However, a petitioner is barred from raising an issue for the first time on collateral appeal if he

had an opportunity to raise the issue on direct appeal and failed to do so, unless the petitioner can

show "both 'cause' for failing to raise the issue on direct appeal and 'actual prejudice' flowing

from the errors alleged." *U.S. v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) ; see also *U.S. v.

Frady*, 456 U.S. 152, 167-168 (1982).  No other types of errors may be asserted collaterally

unless the petitioner demonstrates that "the error could not have been raised on direct appeal,

and if condoned, would result in a complete miscarriage of justice." *U.S. v. Patten*, 40 F.3d 774,

776 (5th Cir. 1994), quoting *U.S. v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992).  Furthermore, the

cause and actual prejudice standard presents "'a significantly higher hurdle' than the 'plain error'

standard that is applied on direct appeal." *Pierce*, 959 F.2d at 1301 (5th Cir. 1992), citing *Frady*,

456 U.S. at 165-66.  The instant petitioner asserts five grounds for relief under §2255, none of

which were asserted on direct appeal. Therefore, the petitioner must satisfy the cause and actual prejudice standard for each ground he wishes to raise.

## A. Ground One: Unlawful and Unjustified Search

The petitioner claims that the search of Barnes' rental car was conducted without a search warrant and without justification. The petitioner, therefore, concludes that the firearm seized by federal agents was the fruit of a poisonous tree and should not have been admissible at trial. According to the petitioner, the "cause" prong of the cause and actual prejudice standard is satisfied because his attorney failed to move for suppression of the gun at trial. The petitioner's "cause", however, addresses why there was no objection to the admissibility of the firearm at trial, but does not address why the petitioner was unable to raise this issue on direct appeal. Without reason for failing to raise this issue on direct appeal, the petitioner's claim of an unlawful search is procedurally barred. Despite this procedural bar, the merits of the defendant's unlawful search claim are considered below as one of the bases for the petitioner's claim of ineffective assistance of counsel.

## B. Ground Two: Karen Barnes' Untruthful Grand Jury Testimony

The petitioner's second ground for relief under §2255 is his claim that he was improperly indicted based on Barnes' untruthful testimony before the grand jury. The Fifth Circuit has recognized that "[i]f the indictment had been obtained by false testimony, the vehicle to obtain its dismissal was by a pretrial motion as required by Rule 12 of the Federal Rules of Criminal Procedure. The post-trial motion comes too late." *U.S. v. Smith*, 890 F.2d 711, 715 (5th Cir. 1989). The petitioner could argue that he was procedurally barred from raising this issue on direct appeal, and it would be a miscarriage of justice to condone a conviction based on an

invalid indictment. However, the petitioner has presented no proof that the indictment was in fact based on false testimony. Barnes did give three conflicting versions of events from the petitioner's arrest to trial, which may indicate that at least two of the versions were untrue. However, this Court has no way of determining whether Barnes' grand jury testimony was the untrue version of events.[1] Furthermore, "perjury before the grand jury that was not knowingly sponsored by the government may not form the basis for a district court's dismissal of an indictment under its limited supervisory power over the grand jury process." *U.S. v. Strouse*, 286 F.3d 767, 768 (5th Cir. 2002). The petitioner claims that Barnes testified untruthfully before the grand jury because of threats made against her by federal agents. However, "when a claim is made that the [government] colluded with a witness to commit perjury, or had knowledge that they had done so, the person making such claim has the burden 'to allege and prove, not conclusions, but facts which would entitle him to relief." *U.S. v. Brilliant*, 172 F.Supp. 712, 713 (E.D. NY 1959); see also *U.S. v. Johnson*, 679 F.2d 54, 57 (5th Cir. 1982). Once again, the petitioner offers no proof that the Government knew that Barnes provided false testimony, nor any evidence that Barnes actually gave false testimony because of the threats.[2]

Even if the indictment were based on false testimony, the petitioner is still not entitled to relief because he has shown no "actual prejudice" resulting from the error. A habeas petitioner must show that the errors about which he complains "worked to his actual and substantial

---

[1] The petitioner's failure to seek a pre-trial dismissal of the indictment leaves this Court with no record of the grand jury proceedings.

[2] At trial, Barnes testified that she did not lie to the grand jury even though she claimed that she was threatened and badgered by the ATF at a time prior to giving her grand jury testimony. (Trans. at p. 122-123).

disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. At trial, the government presented all three versions of Barnes' testimony to the jury. (Trans. at p. 122-139). Therefore, the petit jury was completely informed and jurors were able to weigh Barnes' credibility adequately. Despite Barnes' conflicting testimonies, the petitioner was convicted by petit jurors who were charged with finding the petitioner guilty beyond a reasonable doubt, a burden much higher than the one charged to the grand jury. "Once a defendant has been convicted by a petit jury, the petit jury's verdict of guilty beyond a reasonable doubt demonstrates a fortiori that there was probable cause to charge the [defendant] with the offenses for which [he was] convicted." *U.S. v. Flores-Rivera*, 56 F.3d 319, 328 (1st Cir. 1995). The petitioner had the opportunity to cross-examine Barnes at trial, yet he was still properly convicted by an informed petit jury, thus curing any alleged error before the grand jury. *Id*.

## C. Ground Three: Ineffective Assistance of Counsel

The petitioner claims that his counsel was ineffective for the following reasons: 1) failure to object to the reading of the full indictment to the jury during voir dire; 2) failure to properly object to the introduction of evidence at trial regarding the petitioner's fugitive status; 3) failure to properly object to jury instructions; 4) failure to challenge the validity of the indictment; 5) failure to object to the warrantless search of the rental car and subsequent seizure of the firearm; 6) failure to object to Barnes' testimony; and 7) failure to object to government misconduct.

The Fifth Circuit has repeatedly held that ineffective assistance of counsel satisfies the cause and actual prejudice standard and can, therefore, be raised on collateral appeal. The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the

-6-

accused has the right to the assistance of counsel for his defense. To warrant relief for ineffective assistance of counsel, the petitioner must show "that his counsel's performance was deficient and that this deficient performance prejudiced his defense." *U.S. v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994), citing, *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to establish that counsel's performance was deficient, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Strickland*, 466 U.S. at 688. To establish prejudice resulting from this deficiency, the petitioner must demonstrate that his counsel's errors were so serious as to render the proceedings unreliable and fundamentally unfair. *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In this case, the petitioner has failed to make such a showing.

### 1. Reading of the full indictment to the jury during voir dire

The petitioner argues that his counsel's deficient performance prejudiced his defense when counsel failed to enter into a stipulation pursuant to *Old Chief v. U.S.*, 519 U.S. 172 (1997)[3], which would have stopped this Court from reading in full at voir dire the indictment referring to the nature of the underlying felony. The record indicates that there was no stipulation before the Court or objection made at the time that the Court read the full indictment during voir dire. (Trans. at p. 18, ).[4] However, defense counsel eventually did object after the

---

[3]*Old Chief* held that when the Government wishes to offer evidence of the nature of a defendant's prior felony conviction solely to show that the defendant is a convicted felon, such evidence must be excluded under the Federal Rule of Evidence 403 if the defendant offers to stipulate to having a prior felony conviction.

[4]"Trans." refers to the transcript of the trial held June 25-26, 2001 and the sentencing held October 10, 2001, located in the record as documents 55, 56, and 57.

reading of the indictment and argued that he had informed the Government and the Court that the defense wished to enter into an *Old Chief* stipulation. (Trans. at p 28-32) . The Court overruled the objection and also overruled the defendant's motion for a mistrial. (Id.)  Following voir dire, the defense stipulated that the petitioner had previously been convicted of a felony offense, at which time both the Government and the Court accepted the stipulation. (Trans. at p. 36). The Court instructed the jury that they were only to consider evidence admitted at trial, and not the petitioner's prior record. (Trans at p. 39).  In the jury charges, the indictment was redacted to eliminate any references to the nature of the underlying felony. (Trial Exhibit Envelope (copy of redacted testimony)).  The Court also informed the jury that the indictment is not evidence of guilt (Trans. at p. 333-334).  The Fifth Circuit reviewed a similar set of facts in *U.S. v. Munoz*, 150 F.3d 401 (5th Cir. 1998).  In *Munoz*, the defendant charged as a felon in possession of a firearm argued that his conviction should be overturned because the trial judge disclosed the nature of his prior felony conviction during voir dire.  The *Munoz* court held that "[a]s to voir dire, any prejudice...was remedied by the absence of any mention of the conviction's nature during trial, the trial judge's admonition to the jury as the start of trial 'not to consider the specific offense of which the Defendant has been convicted,' and his instructions to the jury at the end of trial 'not to consider the underlying felony conviction for any purpose' and to consider only that Munoz had stipulated to being a convicted felon.  *Id*. at 413.  In this case, the measures taken by the Court cured any prejudice that could have occurred by counsel's failure to clearly stipulate to the petitioner's underlying felony conviction before the indictment was read in voir dire.  Therefore, the petitioner has not made a showing of prejudice on this ground due to ineffective assistance of counsel.

**2. Introduction of evidence of the petitioner's fugitive status**

The petitioner claims that his counsel failed to make a proper objection to the admission of evidence that Bradford had escaped from prison prior to his arrest. Prior to the commencement of trial, the defense objected to evidence of the Petitioner's fugitive status on the ground that the evidence was not intrinsic to the crime charged. (Trans. at p. 4-5). Evidence of a defendant's "other acts" is intrinsic "when the evidence of the other act and evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *U.S. v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996), citing, *U.S. v. Dillman*, 15 F.3d 384, 391 (5th Cir. 1994). Intrinsic evidence is admissible "to complete the story of the crime by proving the immediate context of events in time and place." *Id.* The Court found that the evidence was intrinsic and therefore admissible. (Trans. at p. 4-5).

The petitioner believes that his counsel's performance was deficient because counsel raised an objection based on an argument that the evidence was extrinsic rather than arguing that the evidence was inadmissable based on the Federal Rule of Evidence 403 protection against unfairly prejudicial evidence[5]. The petitioner believes that, while evidence of his fugitive status may have been intrinsic evidence, he was still prejudiced by his counsel's failure to make the proper Rule 403 argument before the Court. According to the petitioner, a proper objection would have required the Court to conduct a Rule 403 analysis, which in turn would have led the

---

[5]Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

-9-

Court to rule that evidence of the probative value of evidence regarding the petitioner's fugitive status was substantially outweighed by the danger of unfair prejudice to the petitioner.

Once again, the petitioner has failed to show the requisite level of prejudice to warrant §2255 relief for ineffective assistance of counsel. The petitioner has not shown that counsel's failure to object on Rule 403 grounds creates a "reasonable probability that but for counsel's unprofessional errors, the result...would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner argues that, absent his attorney's error, evidence of his fugitive status never would have gone to the jury. However, it is not enough to demonstrate only that it is conceivable that counsel's errors had an impact on the outcome of the proceeding. *Id*. At 693. Rather, the petitioner bears a "highly demanding and heavy burden in establishing actual prejudice." *Williams*, 529 U.S. at 394. Counsel's failure to object to evidence of the petitioner's fugitive status on Rule 403 grounds does not undermine the confidence in the petitioner's conviction. It is likely that the "other acts" evidence would have been admissible even if the Court had conducted a Rule 403 analysis because the evidence was not introduced to mislead the jury in any way. See *U.S. v. Powers*, 168 F.3d 741 (5th Cir. 1999). The Government properly introduced evidence of the petitioner's other acts to create a coherent narrative in presenting it's case. *Old Chief*, 519 U.S. at 192. Certainly, evidence of petitioner's fugitive status was prejudicial since it was probative of the crime charged, but it is not clear that the evidence was unfairly prejudicial to the point that it should have been excluded. *Powers*, 168 F.3d at 749 (explaining that all probative evidence is prejudicial by nature, therefore evidence should be excluded sparingly and only in those cases where the prejudicial effect substantially outweighs

the probative value).  The Court did not plainly err in admitting the evidence, and there is no

reason for this Court to conclude that the petitioner was prejudiced by the form of his counsel's

objection to the introduction of the evidence.

### 3. Failure to object to jury instructions

The petitioner claims that his counsel was ineffective because counsel did not properly

object to the jury instructions.  The Court instructed the jury that "mere presence at the scene of

an event does not necessarily establish the proof of a crime". (Trans. at p. 342).  The petitioner

argues that this instruction might have permitted conviction on less evidence than a possession

instruction requires.  According to the petitioner, his counsel should have made a proper

objection to ensure that the more favorable jury instruction language proposed by the defense

would have been adopted by the Court.  However, the record indicates that defense counsel did

object to the Court's jury instructions before they were issued to the jury.  (Trans. at p. 299-300).

Apparently, the petitioner believes that counsel's objection was argued incorrectly.  However,

before the jury instructions were read, the Court noted that there was an objection made by the

defense regarding the "mere presence at the scene" of the crime language.  (Id.).  The Court

explained that, after conferring with counsel and taking their suggestions, the Court adopted jury

instructions which it felt contained a correct and complete statement of law. (Id.).  Accordingly,

the Court overruled the Defendant's objection. (Id.)  There is no indication that had counsel

differently stated the objection, the Court would have adopted the language proposed by the

Defense. The Court considered the jury instructions proposed by both sides, listened to

objections, and made a considered decision regarding the final form of the jury instructions.

Therefore, even if counsel was in error, the petitioner has not shown that counsel's errors were

so serious as to render the proceedings unreliable and fundamentally unfair.

### 4. Failure to challenge the validity of the indictment.

The petitioner claims that his counsel was ineffective because counsel failed to challenge the indictment based on Barnes' perjured grand jury testimony. For the same reasons that the petitioner has not shown "actual prejudice" to warrant relief based on the merits of this claim standing on its own, the petitioner cannot demonstrate that he was prejudiced by any failure of his counsel to object to the validity of the indictment. At trial, the jury heard all versions of Barnes' account of the events, petitioner had an opportunity to cross-examine Barnes, and the jury found the petitioner guilty beyond a reasonable doubt. Any possible prejudice created by counsel's failure to challenge the indictment was cured by the disclosures made to the jury during the trial proceeding. *Flores-Rivera*, 56 F.3d at 328. Thus, the petitioner cannot prevail on his claim of ineffective assistance of counsel on this ground.

### 5. Warrantless search and seizure

The petitioner believes that his counsel was ineffective in not challenging the search of the rental car, which was conducted without a warrant. The Fourth and Fourteenth Amendments of the Constitution have been held to provide that a search conducted without a warrant is "per se unreasonable...subject only to a few specifically established and well-delineated exceptions." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973), citing, *Katz v. United States*, 389 U.S. 347, 357 (1967). Consent is one such exception to the requirements of both a warrant and probable cause. *Schneckloth*, 412 U.S. at 219. In this case, Barnes consented to the search of the vehicle. (Trans. at p. 91-93). The vehicle was rented in Barnes' name and she, therefore, had the authority to consent to a search of the vehicle. (Trans. at p. 114-115). With this consent, the

-12-

officers conducted a constitutionally permissible search of the rental car.  Furthermore, the

firearm that was discovered during this legal search was admissible against the petitioner at trial.

*See Frazier v. Cupp*, 394 U.S. 731, 740 (1969) (holding that evidence seized from defendant's

duffel bag that was used jointly by the defendant and his cousin was admissible at trial against

the defendant because the cousin had given consent to search the bag).  Therefore, the

petitioner's counsel was not ineffective in failing to challenge a legal search and seizure.

### 6.  Failure to object to Barnes' testimony

The petitioner believes that his counsel should have objected to the admission of Barnes'

grand jury testimony once she admitted to testifying falsely before the grand jury during her trial

testimony.  Counsel's failure to object, according to the petitioner, rendered counsel's

representation ineffective.  The petitioner argues that he was prejudiced by the jury hearing

Barnes testimony without reason to believe that it was false.  "In reviewing an effective

assistance of counsel allegation, [the] Court examines the actual performance of defense counsel

and does not blindly accept speculative claims, and determines on the basis of the totality of the

circumstances and the entire record whether reasonably effective assistance of counsel was

rendered."  *U.S. v. Johnson*, 679 F.2d 54 (5th Cir. 1982).  In this case, petitioner's counsel did

cross-examine Barnes and questioned her about her encounter with the U.S. Marshals prior

testifying before the grand jury. (Trans. at p. 129-131).  Barnes answered that she had been

threatened by the officers.  (Id.)  Counsel also questioned Ms. Barnes about her testimony before

the grand jury in which she asserted that only she and the petitioner had access to the rental car.

(Trans. at p. 130-131).  Furthermore, the petitioner's counsel asked Barnes to explain to the jury

who else had access to the rental car.  (Trans. at p. 130-134).  Barnes proceeded to describe

-13-

excursions that she and the petitioner had taken with other individuals who also had access to the rental car. (Id.). Clearly, counsel presented the jury with Barnes' own testimony to bolster the argument that the firearm could have belonged to someone other than the petitioner. The petitioner's argument that his counsel left unchallenged Barnes' grand jury testimony that only she and the petitioner had access to the vehicle is without support in the record. Considering the entirety of the defense counsel's approach to Barnes' conflicting versions of events, the Court concludes that counsel rendered reasonably effective assistance.

### 7. Failure to object to Government misconduct

The petitioner maintains that he was prejudiced by his counsel's failure to object to government misconduct. According to the petitioner, the Government was aware of false testimony given by Barnes and other witnesses. The petitioner believes that his counsel should have objected to such government misconduct or should have raised the issue on appeal.

The Court has already addressed the petitioner's claim of Government misconduct. As previously explained, "when a claim is made that the [government] colluded with a witness to commit perjury, or had knowledge that they had done so, the person making such claim has the burden 'to allege and prove, not conclusions, but facts which would entitle him to relief." *Brilliant*, 172 F.Supp. at 713; see also *Johnson*, 679 F.2d at 57. The petitioner has not brought to the Court's attention any facts that would support a conclusion that the government was involved in or knew of any false testimony given by any witnesses in this case. Barnes testimony that she was harassed by U.S. Marshal's prior to her grand jury testimony does not prove that the Government "colluded with" Barnes to testify falsely "or had knowledge" that Barnes testified falsely before the grand jury. Therefore, the petitioner cannot demonstrate that his counsel was

deficient in not addressing the matter and that the deficiency prejudiced the petitioner's defense. Overall, the petitioner is unable to sustain any of his claims of ineffective assistance of counsel.

### D. Ground Four: Government Misconduct

Apart from his claim that his counsel was ineffective in not raising the issue of Government misconduct, the petitioner argues that he is entitled to §2255 relief because of alleged misconduct by the Government. For the same reasons that the petitioner is unable to show that he was prejudiced by his counsel's failure to object to government misconduct, the petitioner is also unable to sustain a claim of government misconduct on its own. The petitioner merely concludes that the Government knew or should have known that several witnesses were testifying falsely without presenting any evidence to support his conclusion. Barnes' trial testimony accuses the U.S. Marshal's of acting improperly, however, the petitioner cannot demonstrate that he was prejudiced in any way by this alleged misconduct. As explained previously, the jurors heard allegations of government misconduct, as well as Barnes' most recent version of events, weighed the evidence before them, and concluded that the petitioner was guilty beyond a reasonable doubt. Accordingly, the petitioner is not entitled to §2255 relief on this ground.

### E. Ground Five: Unconstitutionality of §922(g)

The petitioner challenges the constitutionality of the felon in possession statute, 8 U.S.C. §922(g). The Fifth Circuit has repeatedly reaffirmed that "the constitutionality of §922(g) is not open to question." *United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003), citing, *U.S. v.*

*Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); see also *U.S. v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999).  This Circuit has upheld §922(g) under the Second Amendment, the Commerce Clause, the Tenth Amendment, , and the Equal Protection Clause.  Furthermore, the Courts have rejected arguments that §922(g) cannot pass constitutional muster in light of Supreme Court cases, such as *U.S. v. Morrison*, 529 U.S. 598 (2000) and *U.S. v. Lopez*, 514 U.S. 549 (1995) cited by the petitioner.  *Darrington*, 351 F.3d at 634.  Accordingly, §922(g) is constitutional and the petitioner is not entitled to §2255 relief on this ground.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the motion to vacate sentence pursuant to Title 28, United States Code, Section 2255 should be and hereby is DENIED.

New Orleans, Louisiana, this 4th day of November, 2004.

UNITED STATES DISTRICT JUDGE

-16-