U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    AUG 1 5 2006

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

F I L E D

June 21, 2006

Charles R. Fulbruge III
Clerk

No. 05-30070
Conference Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

KENNON BRADFORD,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-1482
USDC No. 2:00-CR-198-ALL
_____

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

    Kennon Bradford, federal prisoner # 26436-034, was convicted

by jury verdict of being a felon in possession of a firearm.

Bradford filed a motion to vacate, set aside, or correct his

sentence, pursuant to 28 U.S.C. § 2255.  The district court

denied Bradford's motion but granted a certificate of

appealability (COA) on the issue whether his trial counsel

rendered ineffective assistance by failing to file a motion to

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

suppress the evidence obtained pursuant to the warrantless search of a rental car rented by Bradford's girlfriend, Karen Barnes.

In order to prevail on a claim of ineffective assistance of counsel, Bradford must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-94 (1984). Failure to establish either prong is fatal to the claim. Id. at 697.

The district court determined that counsel did not err in failing to challenge the search and the evidence it produced. Voluntary consent to a search is an exception to the general rule that warrantless searches are per se invalid. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Barnes rented the car in her name. Bradford acknowledges that Barnes consented to the search of the car. Her consent provided an exception to the warrant requirement. Id. Thus, counsel did not have cause for objecting to the search of the car and the subsequent seizure of the firearm. Counsel did not perform deficiently by failing to object or file a motion to suppress. It is unnecessary to evaluate the second prong of Strickland.

Although Bradford argues other issues in his appellate brief, he does not request an expansion of the COA grant. Therefore, our review is limited to the issue on which the district court granted a COA. United States v. Kimler, 150 F.3d

No. 05-30070
-3-

429, 430-31 & n.1 (5th Cir. 1998); Lackey v. Johnson, 116 F.3d
149, 151-52 (5th Cir. 1998).

The district court's judgment is AFFIRMED.  Bradford's
motion for appointment of counsel is DENIED.