UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NUMBER 00-198 |
| KENNON BRADFORD | SECTION "L" (3) |

### ORDER & REASONS

Before the Court is Defendant Kennon Bradford's Motion to Alter and/or Amend Judgment Pursuant to Rule 60(b)(6) of the *Federal Rules of Civil Procedure* (Rec. Doc. 97). For the following reasons, the Defendant's motion is now DENIED.

### I.   BACKGROUND

On June 26, 2001, following a jury trial, Mr. Bradford was found guilty of one count of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2). On October 10, 2001, he was sentenced to 87 months imprisonment. The Court imposed this sentence after computing the United States Sentencing Guidelines applicable to Mr. Bradford. The sentence imposed was within the guideline range.

On December 17, 2002, the United States Court of Appeals for the Fifth Circuit affirmed Mr. Bradford's conviction and sentence. *See* Rec. Doc. 62. The United States Supreme Court subsequently denied certiorari in 2003.

On May 24, 2004, Mr. Bradford filed an application for § 2255 relief in this Court. He argued that there were five grounds for relief: (1) unlawful search and seizure, (2) untruthful

grand jury testimony, (3) ineffective assistance of counsel, (4) government misconduct, and (5) the unconstitutionality of § 922(g).  On November 4, 2004, the Court rejected all of Mr. Bradford's arguments and denied his application for relief under § 2255.  *See* Rec. Doc. 84.  The Fifth Circuit subsequently affirmed the Court's denial of relief under § 2255.

On April 9, 2007, Mr. Bradford filed the instant motion, and is proceeding *pro se*.  In his motion, Mr. Bradford asks the Court to reconsider the sentence imposed on October 10, 2001 in light of *United States v. Booker*, 543 U.S. 220 (2005).

## II.     LAW & ANALYSIS

The Defendant brings the instant motion under Rule 60(b)(6) of the *Federal Rules of Civil Procedure*.  However, because this is a criminal case, the rules of procedure for civil cases are not applicable to Mr. Bradford.  In any event, when reviewing a *pro se* motion, the district court is especially obligated to consider whether the motion presents any basis for relief.  *See Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000).  Therefore, the Court shall determine whether the motion presents any basis for relief.

Generally, 28 U.S.C. § 2255 is the usual means of collaterally attacking a federal sentence, and "is the appropriate remedy for errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (internal quotations omitted).  The arguments made in Mr. Bradford's motion may be appropriate for a § 2255 petition, although, as discussed, Mr. Bradford has already and filed and argued his claims in a § 2255 petition.  The Court need not decide whether this motion should be considered as a § 2255 petition because, after reviewing the instant motion, the Court finds that the motion states no ground for relief.

Mr. Bradford argues that the Court should reconsider the sentence imposed in light of the

United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), in which a majority of the Court found that any fact which is necessary to support a sentence exceeding the maximum authorized by the facts established by a jury verdict or a plea of guilty must be admitted by the defendant or proved to a jury beyond a reasonable doubt.  The case law of the Fifth Circuit dictates that the rule of *Booker* cannot be applied retroactively on collateral review.  *See In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005).  This means that the *Booker* rule does not apply to defendants whose convictions became final prior to January 12, 2005, the date on which the Supreme Court decided *Booker*.

Mr. Bradford's sentence became final in 2003 when the Supreme Court denied his writ of certiorari.  Therefore, the *Booker* rule cannot be applied retroactively to Mr. Bradford's sentence.  Because the Court finds no other avenue of relief for Mr. Bradford, his motion must be denied.

### III.    CONCLUSION

For the reasons set forth above, IT IS ORDERED that Mr. Bradford's Motion to Alter and/or Amend Judgment (Rec. Doc. 97) is DENIED.

New Orleans, Louisiana, this 26th day of June, 2007.

*[signature: Eldon E. Fallon]*
_____
UNITED STATES DISTRICT JUDGE