UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 00-198 |
| KENNON BRADFORD | SECTION "L" |

## ORDER AND REASONS

Before the Court is Defendant Kennon Bradford's Motion to Reconsider. R. Doc. 124. The Government filed an opposition to the motion. R. Doc. 128. Defendant filed a reply. R. Doc.129. Having considered the parties' submissions and applicable law, the Court now issues this Order and Reasons.

**I.  RELEVANT PROCEDURAL HISTORY**

In 2001, the Court sentenced Defendant to 87 months in prison and a $7,500 criminal fine after a jury found him guilty under 18 U.S.C. § 922(g)(1). R. Doc. 42. Because the Court did not waive the accrual of interest for inability to pay during sentencing, interest accrued on Defendant's fine. *See* 18 U.S.C. § 3612(f)(1) ("The defendant shall pay interest on any fine . . . of more than $2,500.").

Defendant eventually paid all of his fine principal and some interest, then moved the Court to waive the interest on his fine. R. Doc. 120. Construing his motion as a request for waiver of prospective interest, the Government elected to waive the remaining interest on Bradford's fine pursuant to 18 U.S.C. § 3612(h) in light of the information contained in Defendant's motion, Defendant's payment of all outstanding fine principal, the small amount of interest remaining, and Defendant's financial inability to pay off the remaining interest while it continued to accrue and

1

compound. R. Doc. 122. Based on the Government's representations, the Court denied Defendant's motion as moot. R. Doc. 123.

## II. PRESENT MOTION

Defendant now files a motion to reconsider. R. Doc. 124. In it, Defendant clarifies that in his previous motion, he sought a waiver not only of his prospective interest, but he also wanted "interest to be retroactively waived," entitling him "to over $3,000 back from his [prior] payment." R. Doc. 124 at 2.

In opposition, the Government argues that Defendant's motion fails for two reasons. R. Doc. 128 at 1. First, the Government contends only the United States Attorney General is statutorily vested with post-judgment jurisdiction to waive fine interest. R. Doc. 128 at 1. Second, the Government asserts post-judgment interest waiver may only be granted for inability to pay or collect pursuant to 18 U.S.C. §§ 3612(f)(3) & (h) and in this case, Defendant seeks a refund of the interest he has already paid, "necessarily contradicting the precondition of present or prospective poverty contained in §§ 3612(f)(3) & (h)." R. Doc. 28 at 1.

In reply, Defendant contests the Government's interpretation of § 3612(h) as granting the Attorney General with the exclusive authority to waive post-judgment interest. R. Doc. 129 at 1. Specifically, Defendant argues that reading the provisions of § 3612 as a whole, the Court has the authority to modify interest, including post-judgment interest. R. Doc. 129 at 1. Defendant also attempts to distinguish the case law cited by the Government in support of its argument that the Court does not have the authority to waive post-judgment interest retroactively. R. Doc. 129 at 2. Finally, Defendant asserts that the relief he seeks is not only permitted by statute and case law, but is also supported by "basic principles of fair play." R. Doc. 129 at 3.

## III. LAW AND ANALYSIS

A district court has continuing jurisdiction over its criminal cases and may reconsider its prior decisions. *See United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). Courts should apply the standards set forth by the Federal Rules of Civil Procedure for motions to reconsider in criminal cases. *See United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75, 78–79 (1964)). A motion seeking the reconsideration of a judgment or order is generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Under Rule 59(e), a motion must be filed within twenty-eight days of the challenged order. Fed. R. Civ. P. 59(e). A motion filed under Rule 60(b), meanwhile, must be filed "within a reasonable time" and for several of the grounds for relief, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

A court may grant a Rule 59(e) motion for reconsideration for three reasons: "(1) intervening change in the controlling law has occurred; (2) evidence not previously available becomes available, or (3) it is necessary to correct clear error of law or prevent manifest injustice." *Crappell v. Boh Bros. Constr. Co., L.L.C.*, No. CIV.A. 06-1315, 2006 WL 3772229, at *2 (E.D. La. Dec. 19, 2006). A district court may reconsider an earlier order under Rule 60(b) for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

3

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A district court has considerable discretion to grant or to deny a motion for reconsideration." *Goldman v. Hartford Life & Acc. Ins. Co.*, No. CIV.A. 03-0759, 2006 WL 861016, at *2 (E.D. La. Mar. 30, 2006) (citing *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir.1993)). However, "reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly." *Id.* (internal citations omitted). The Fifth Circuit reviews a district court's decision on Rule 59(e) and Rule 60(b) motions under an abuse of discretion standard. *See, e.g., S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (citing *Wilcher v. Epps,* 203 Fed.Appx. 559, 561 (5th Cir. 2006)).

**A. <u>Whether the Court lacks post-judgment jurisdiction to waive interest</u>**

Under federal law, a criminal defendant must normally pay interest on any fine or restitution amount of more than $2,500. 18 U.S.C. § 3612(f)(1). However, if a court determines the defendant is not able to pay interest under this subsection, then the court may: (1) "waive the requirement for interest;" (2) "limit the total of interest payable to a specific dollar amount;" or (3) "limit the length of the period during which interest accrues." 18 U.S.C. § 3612(f)(3). Nevertheless, another provision in the same statute provides that "[t]he Attorney General may waive all or part of any interest or penalty under this section or . . . relating to a fine imposed under any prior law if, as determined by the Attorney General, reasonable efforts to collect the interest or penalty are not likely to be effective." 18 U.S.C. § 3612(h). The question thus arises of whether a court may only modify interest payments at the time of sentencing or if it may waive all or part of a defendant's interest similar to how the Attorney General is authorized to do.

4

A judgment imposing a fine in a criminal case is generally a final judgment, except it may be "(1) modified or remitted under section 3573; (2) corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified under section 3742." 18 U.S.C. § 3572(c).[1] Other courts have also concluded that "[o]nce a judgment in a criminal case is entered, the sentencing court loses jurisdiction to change the sentence except in a few circumstances where a statute or Fed. R. Crim. P. 35 permits it to revisit the sentence." *United States v. Williams*, No. CRIM 4:06-421-1, 2010 WL 1667852, *2 (S.D. Tex. April 23, 2010) (citing *U.S. v. Goode,* 342 F.3d 741, 743 (7th Cir. 2003)); *United States v. Addonizio*, 442 U.S. 178, 189 (1979) ("[O]nce a sentence has been imposed, the trial judge's authority to modify it is also circumscribed."). "Thus, the Court does not have jurisdiction to change its sentence unless authorized by statute or rule." *Williams,* 2010 WL 1667852, at *2 (citing *Goode*, 342 F.3d at 743).

While the Fifth Circuit has not ruled on the issue of whether a district court has post-judgment jurisdiction to reconsider and waive interest on a final fine or restitution order, several other courts have considered this precise issue and have reached conflicting conclusions.

Some courts have concluded that a district court has no such subject-matter jurisdiction. *See, e.g., United States v. Messier*, No. 3:05CR279JBA, 2007 WL 1821687, at *1 (D. Conn. June 25, 2007) (concluding that, regarding a defendant's motion for a post-sentence order waiving interest on his final restitution judgment, § 3612(f)(3) applies to restitution ordered at the time of sentencing and not to modification of restitution orders after their entry); *United States v. Eberhard*, No. 03 CR. 562 RWS, 2012 WL 2568971, at *4 (S.D.N.Y. July 3, 2012); *United States v. Brumfield*, 125 F. Supp. 3d 648, 651 (W.D. Mich. 2015) ("District courts also have reached

---

[1] As a preliminary matter, none of the allowable post-judgment modifications listed in 18 U.S.C. § 3572(c) apply in this case. *See* 18 U.S.C. § 3573 (allowing United States to file a post-judgment petition for remission of fine principal and interest for inability to pay); Fed. R. Crim P. 35 (corrections for arithmetical, technical, or other clear error allowed within 14 days); 18 U.S.C. § 3742 (allowing appeal of criminal judgments).

different results, but by the Court's count, the majority of them have concluded that § 3612(f)(3) does not provide post-sentencing jurisdiction . . . This Court agrees with those district courts that have concluded that § 3612(f)(3) does not grant district courts jurisdiction to modify an interest obligation after the sentence has been imposed."); *United States v. Austin*, No. 298CR127FTM29DNF, 2018 WL 1964414, at *1 (M.D. Fl. Apr. 26, 2018) ("As to interest amount only, the Court could have waived the requirement but only at the time of sentencing, not after restitution has been ordered.").

Other courts have concluded that a district court does have the authority to waive or reduce interest, either at sentencing or post-sentencing. *See, e.g., United States v. Perez*, No. 90-CR-546, 2008 WL 4865992, at *3 (N.D. Ill. July 1, 2008) (finding that 18 U.S.C. § 3612(f)(3) provides a district court "with the authority to waive or reduce the imposition of interest, either at sentencing or after sentencing"); *United States v. Coleman*, 319 F. App'x 228, 230 (4th Cir. 2009) (holding that "§ 3213(f)(3) permits the court, post-judgment, to waive or limit the payment of interest upon a finding that the defendant is unable to pay interest"); *United States v. Allen*, No. 6:97-CR-9-RP, 2017 WL 5560415, at *2 (W.D. Tex. Nov. 13, 2017) ("The Court agrees with those courts that have held that Section 3612(f)(3) confers jurisdiction on a district court to modify a defendant's restitution interest not only at sentencing but also afterward.").

The Government first argues that the plain language of § 3612(h) makes it clear that only the Attorney General is vested with post-judgment authority to waive fine interest. R. Doc. 128 at 3. The Government thus urges the Court to follow the holding of court cases in the vein of *Messier*, 2007 WL 1821687, at *1, and conclude that while the Court has discretion at sentencing whether or not to impose fine interest in the first place, it is left to the Attorney General to grant a post-sentence waiver of fine interest. R. Doc. 128 at 5. The Government argues that this interpretation

of the provision is supported by the language and overall construction of the statute, as: (1) § 3612(f)(3) immediately follows §§ 3612(f)(1)–(2), which relate to the imposition of interest on fines ordered at sentencing; (2) § 3612(f)(3)(C) allows the district court to "limit the length of the period during which interest accrues," which means it relates to the prospective accrual of future interest and not the retroactive, post-sentence limitation of previously accrued interest; (3) Congress explicitly addresses the waiver of previously accrued interest in § 3612(h), which only mentions the Attorney General being vested with this authority; and (4) when Congress wishes to give a district court post-sentence jurisdiction to revisit and revise a criminal restitution judgment, it does so clearly. R. Doc. 128 at 5–6. Finally, the Government also contends the legislative history of § 3612(f) supports its position that only the Attorney General is authorized to waive interest post-sentence. R. Doc. 128 at 6–7.

In reply, Defendant asserts the Court should disregard the Government's opposition and grant him the relief he seeks. R. Doc. 129 at 1. Defendant states § 3612(b) allows courts to modify fines and § 3612(f)(3) allows courts to modify interest, so when read together, they "confer[] power upon courts to modify payments after judgment is final in response to changing circumstances of the defendant." R. Doc. 129 at 1. Defendant also attempts to distinguish the cases cited by the Government in support of its argument that courts do not have post-judgment authority to waive fine interest. R. Doc. 129 at 2.

Based on the facts of this case, the Court declines to conclude whether it has post-judgment jurisdiction to waive fine interest or if this authority resides solely with the Attorney General. Even assuming that the Court does have jurisdiction to consider the merits of Defendant's case pursuant to § 3612(f)(3), the Court does not find that Defendant has demonstrated his inability to pay interest, as discussed in the next section.

### B. Whether Defendant has demonstrated his inability to pay interest

A court may only waive the requirement for interest if it determines the defendant is not able to pay the interest. *See* 18 U.S.C. § 3612(f)(3). In this case, the Government argues that because Defendant is seeking a refund of interest he has already paid, it necessarily forecloses a finding of Defendant's past or present insolvency. R. Doc. 128 at 7. In opposition, Defendant claims the interest he paid was taken out of a civil suit he had won, and he objected to the money being taken at that time. R. Doc. 129 at 2. However, Defendant fails to refute the Government's assertion that he was not and is not insolvent. Moreover, Defendant fails to explain why he is entitled to a refund on interest he has already paid, which shows he was able to pay it and therefore does not meet the criteria for when a court may waive the interest requirement. *See* 18 U.S.C. § 3612(f)(3). Accordingly, although the Court has concluded it should reconsider its prior Order on Defendant's Motion to Waive Interest, R. Doc. 123, because the Government and the Court misunderstood part of Defendant's request—namely, that he not only sought a waiver of the interest he owed prospectively, but that he also sought a refund of the interest he had already paid—the outcome remains the same. The Court declines to waive his interest retroactively.

### IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion to Reconsider, R. Doc. 124, is hereby **DENIED**.

New Orleans, Louisiana this 22nd day of November, 2019.

_____
UNITED STATES DISTRICT JUDGE